**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANI GHAZARYAN, | No. 17-55132 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-09604-RGK-MRW |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC, A Georgia Limited Liability Company, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 10, 2018
Pasadena, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and WHELAN,** District Judge.

Ani Ghazaryan appeals the district court's order granting summary judgment

on her claims against Equifax Information Services, LLC for violations of the Fair

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Thomas J. Whelan, United States District Judge for the Southern District of California, sitting by designation.

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681i, and the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.16. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, *see Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (9th Cir. 2018), we affirm.

In conducting a reinvestigation, a consumer credit reporting agency must "review and consider all relevant information" that the consumer submits regarding the disputed information, 15 U.S.C. § 1681i(a)(4); Cal. Civ. Code § 1785.16(b), notify the furnisher within five business days, 15 U.S.C. § 1681i(a)(2)(A); Cal. Civ. Code § 1785.16(a), and "promptly" correct or delete from the consumer's file any inaccurate, incomplete, or unverifiable information, 15 U.S.C. § 1681i(a)(5)(A)(i); Cal. Civ. Code § 1785.16(b).

Viewing the factual record in the light most favorable to Ghazaryan, Equifax's investigation was reasonable as a matter of law. Equifax notified Discover that Ghazaryan disputed being late on her credit card payment and stated that Discover representative Jordan "confirmed . . . that she was never late." Equifax also passed along the phone number for Jordan that Ghazaryan had provided. Equifax transmitted this information "in the manner established with" Discover, 15 U.S.C. § 1681i(a)(2)(A), using ACDV, the "automated system" envisioned by the FCRA, 15 U.S.C. § 1681i(a)(5)(D).

Equifax had no duty, as Ghazaryan contends, "to resolve the ultimate contradiction between Discover's response to the ACDV versus the confirmation of inaccuracy made by [Jordan]." "[C]redit reporting agencies are not tribunals. They simply collect and report information furnished by others." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010). Equifax had determined Discover to be a reliable source, and Ghazaryan gave Equifax no reason to question that determination. Therefore, Equifax was entitled to rely on Discover's confirmation that Ghazaryan had missed a payment notwithstanding that this information ultimately proved to be inaccurate.

**AFFIRMED.**